UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DENNIS BALK,

                              Plaintiff,

        - against -

NEW YORK INSTITUTE OF TECHNOLOGY,
INFOTEC CORPORATION,

                              Defendant.
-----------------------------------------------------------X

**ORDER**

CV 11-509 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff Dennis Balk ("Balk" or "Plaintiff") moves the Court for an Order requiring non-party witness Dr. Robert C. Vogt to appear for a second deposition to answer certain questions he refused to answer at his September 18, 2012 deposition.  DE 110.  Defendants New York Institute of Technology ("NYIT") and Infotec Corporation ("Infotec") did not submit any opposition, nor did Dr. Vogt.

      This case centers around allegations that while teaching at NYIT's campus in Bahrain, Plaintiff was subjected to discriminatory conduct directed at non-Muslim faculty.  *See* Am. Compl.  Plaintiff does not specify who Dr. Vogt is in his motion.  According to another motion filed in this case, Dr. Vogt was both an employee of NYIT and a consultant for Infotec.  DE 58 n.2.

      During his deposition, Dr. Vogt, who was not represented by counsel at the time, refused to answer a line of questions pertaining to a separate litigation between NYIT and Infotec in New York State Supreme Court, New York County, entitled *New York Institute of Technology v. Mohomed Yossry Hussein, Robert G. Vogt, and Infotec Institute Limited*, Index No. 09/603335

(the "NYIT/Infotec Litigation"). In the NYIT/Infotec Litigation, NYIT sued Infotec for breach of contract and asserted causes of action against Dr. Mohamed Yossry Hussein, Infotec's alleged majority shareholder and President, for alter ego liability and indemnification. DE 110, Ex. 3. Plaintiff argues that the NYIT/Infotec Litigation is relevant for two reasons. First, Plaintiff believes the NYIT/Infotec Litigation will shed light on Infotec's status as an agent of NYIT – an issue that Plaintiff argues is relevant to NYIT's document preservation obligations and NYIT's responsibility for Infotec's discriminatory conduct. Plaintiff points to sworn testimony submitted in the NYIT/Infotec Litigation referring to acts taken by Infotec "as agent and trustee for and on behalf of NYIT." *Id*., Ex. 4 ¶ 16.[1] Second, Plaintiff argues that the NYIT/Infotec Ligitation bears on the credibility of the NYIT and Infotec witnesses since the case involved allegations of a "scheme to evade corporate taxes." *Id*., Ex. 3 ¶ 56.

When a witness refuses to answer a question during a deposition, "the questioning party may subsequently move to compel disclosure of the testimony that it sought." *Kelly v. A1*

---

[1] This quoted language is taken from the December 8, 2009 Affidavit of Leonard Aubrey in Support of Plaintiff's Motion for the Appointment of a Temporary Receiver in the NYIT/Infotec Litigation ("Aubrey Aff.") ¶ 16. Leonard Aubrey is NYIT's Vice President for Financial Affairs, CFO and Treasurer who was "extensively involved in NYIT's ongoing contractual relationships with Defendants Infotech, Hussein and Vogt." Aubrey Aff. ¶ 1. Pursuant to a 2001 Agreement between NYIT and Infotec, NYIT and Infotec's controlling shareholder Mohamed Hussein opened and operated educational sites offering NYIT degree programs in Amman, Jordan and in Manama, Bahrain. *Id*. ¶ 15. In 2005, the same parties entered into a new agreement, revising and supplementing the 2001 Agreement with an enhanced ten-year term. *Id*. Pursuant to the 2005 Agreement, NYIT was responsible for, among other things, establishing programs and degree requirements while Infotec and Hussein were responsible for recruiting qualified students, providing marketing services, and providing NYIT students and faculty with classrooms, offices and other academic facilities at the sites in Jordan and Bahrain. *Id*. ¶ 16. Significantly, Mr. Aubrey asserts, Infotec and Hussein were responsible for these tasks ". . . and, *of critical importance, collecting, as agent and trustee for and on behalf of NYIT*, all tuition and fees from students matriculating into NYIT programs in Jordan and Bahrain . . . ." *Id*.

*Technology*, No. 09-CV-962, 2010 WL 1541585, at *20 (S.D.N.Y. April 12, 2010) (citing *Luc vets Diamant v. Akush*, No, 05-CV-2934, 2006 WL 258293, at *2 (S.D.N.Y. Feb. 3, 2006)). "The court must determine the propriety of the deponent's objection to answering the questions, and can order the deponent to provide improperly withheld answers during a continued deposition." *Id.*

It is unclear exactly what Dr. Vogt's basis was for refusing to answer the questions. It appears that he objected on grounds of relevance given his statements that the NYIT/Infotec Litigation was none of counsel's "business" and "had nothing to do with Balk." DE 110, Ex. 2 at 121-23. The Court hereby overrules Dr. Vogt's objections and finds that the questions were proper.

First, the Court notes that irrelevance is not a valid basis for refusing to answer a question during a deposition. *Kelly*, 2010 WL 1541585, at *20; *see Calderon v. Symeon*, No. 06-CV-1130, 2007 WL 735773, at *2 (D. Conn. Feb. 2, 2007) (directing pro se party to answer all deposition questions unless she was asserting a privilege). If there is an objection to a question, the court reporter must note the objection "but the examination still proceeds [and] the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). Although not directly applicable here since Dr. Vogt was not represented by counsel, the Court observes that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [(relating to motions to terminate a deposition)]." Since Dr. Vogt's objection was not based on privilege or any other permitted grounds, he had no legal basis to refuse to answer the questions posed.

3

While the Court does not fully agree with Plaintiff's proffer of relevance,[2] the Court concludes that the questions posed during the deposition and referenced in Plaintiff's motion papers are relevant. Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The definition of relevancy under Rule 26 is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in th[e] case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"); *Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

The relationship between Infotec and NYIT, clearly an issue in the NYIT/Infotec Litigation, as noted, is relevant to Plaintiff's allegations in this case that Infotec and NYIT were joint employers, *see* Am. Compl. ¶¶ 25, 87-101. Moreover, the NYIT/Infotec Litigation, which involved allegations that Dr. Hussein dominated Infotec for unlawful purposes, *see* DE 110, Ex. 3, may shed light on an important practical matter in this case: who/what is Infotec, what is its current status, and what was its relationship with NYIT and the Plaintiff at the time of the incidents giving rise to the pleadings. An entry of default was initially entered against Infotec on June 13, 2011. That notation of default was later vacated by stipulation of the parties. DE 35.

---

[2] For example, since document discovery is closed, there should be no need to revisit the parties' document preservation obligations.

Thereafter, Infotec's counsel moved to withdraw from the case and Judge Bianco granted the motion.  DE 72;  DE 77.  In March 2012, Plaintiff moved for leave to file an Amended Complaint.  DE 80.  Judge Bianco granted the motion and ruled that if Infotec did not retain counsel and file an answer within the time period required, Plaintiff could move for a default judgment with respect to Infotec.  DE 82.  Infotec has not yet appeared or responded to the Amended Complaint and Plaintiff has had difficulty obtaining the deposition of Infotec's principal, Dr. Hussein, *see* DE 102.  Thus, although the NYIT/Infotec Litigation did not involve Plaintiff Balk or his claims, the Court finds that the prior lawsuit bears, or could lead to other matter that bears on, issues in this case.

The Court has reviewed NYIT's opposition to the continued deposition [DE 112] and finds its objections to be unavailing.[3]  First, NYIT argues that Plaintiff's request is moot because Plaintiff is now in possession of the complaint filed in the NYIT/Infotec Litigation. Notwithstanding Plaintiff's possession of the complaint, counsel may wish to explore Dr. Vogt's knowledge of the lawsuit and circumstances related to it.  NYIT also states that the NYIT/Infotec Litigation is not relevant to this matter.  As discussed *supra*, the Court disagrees.  Finally, NYIT states that Dr. Vogt and NYIT will be prejudiced if they are compelled to expend time and legal expenses in attending a second deposition.  As to the prejudice to Dr. Vogt, NYIT lacks standing to assert this argument since NYIT is not representing Dr. Vogt.  As to the prejudice to NYIT, the Court notes that depositions are a regular and routine aspect of litigation and it is not uncommon for a deposition of a non-party to be re-opened in these circumstances.

---

[3]     NYIT requested, and was granted, leave to file a late opposition letter due to widespread difficulties in the aftermath of Hurricane Sandy.  *See* DE 111.

For the foregoing reasons, the Court directs Dr. Vogt to appear again for the continuation of his deposition in order to answer the questions previously posed to him regarding the NYIT/Infotec Litigation, as well as any reasonable follow-up questions. The re-opened deposition shall not exceed 90 minutes in duration and is to be completed no later than January 3, 2013. Counsel are directed to work together cooperatively to make arrangements for the deposition, including making any reasonable accommodation to Dr. Vogt's schedule.

Dr. Vogt is reminded that he is still subject to the duly authorized subpoena previously served upon him for his deposition. Plaintiff's counsel is directed to serve a copy of this Order upon Dr. Vogt forthwith by overnight mail and first class mail and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
November 19, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge