**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
DENNIS BALK,

**MEMORANDUM**
**AND ORDER**
CV 11-509 (JFB) (AKT)

Plaintiff,

- against -

NEW YORK INSTITUTE OF TECHNOLOGY
and INFOTEC CORPORATION,

Defendants.
-------------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

## I.     PRELIMINARY STATEMENT

In the instant motion, Plaintiff Dennis Balk ("Plaintiff") seeks an order pursuant to FED R.

CIV. P. 37(b)(2)(A)(ii) to prohibit Defendant New York Institute of Technology ("NYIT") from

amending its Answer to the Second Amended Complaint to assert the affirmative defenses of

statute of frauds and merger.  *See* Pl.'s Mot. [DE 117].  Plaintiff also requests that the Court

impose sanctions upon NYIT for its non-compliance with the Amended Case Management and

Scheduling Order pursuant to FED. R. CIV. P. 16(f)(1)(C) and (f)(2).  *See id.*; *see also* DE 66.  On

December 3, 2012, NYIT filed its opposition to Plaintiff's letter-motion and, separately, sought

leave of Court to amend its Answer to the Second Amended Complaint in order to add the

affirmative defenses of statute of frauds and merger.  Def.'s Opp. at 1 [DE 118].  Plaintiff, on

December 6, 2012, filed a letter opposing NYIT's motion to amend its Answer.  Pl.'s Opp. [DE

119].

## II.    BACKGROUND

Plaintiff, who was formerly employed as the Director of the Computer Graphics Department at NYIT Bahrain, alleges that Defendants NYIT and Infotec Corporation ("Infotec") discriminated against him on the basis of his race, religion, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Second Amended Complaint ("SAC") ¶¶ 58-69, 87-101 [DE 83]. Additionally, Plaintiff asserts claims of breach of contract against NYIT, unlawful interference with contractual rights against Infotec, and conspiracy to defraud against both Defendants. *Id*. ¶¶ 70-86, 150-139.

Plaintiff filed his original Complaint against Defendants on February 1, 2011. DE 1. On May 23, 2011, NYIT filed a motion to dismiss the Complaint. DE 11. On June 13, 2011, Plaintiff moved for an entry of default against Infotec for failing to appear or otherwise move in response to the Complaint. DE 15. Also on June 13, 2011, Plaintiff filed his First Amended Complaint ("FAC") pursuant to FED. R. CIV. P. 15(a)(1)(B). DE 16.

The Clerk of Court entered a certificate of default against Infotec on June 20, 2011. DE 17. That notation of default was later vacated by stipulation of the parties, which was "so-ordered" by the Court on August 4, 2011. DE 35. In the August 4, 2011 stipulation, *inter alia*, counsel for Infotec accepted service of Plaintiff's FAC. *Id.* By stipulation "so-ordered" on August 26, 2011, Infotec agreed to respond to the FAC no later than September 22, 2011. DE 39. Infotec filed its Answer to the FAC on September 22, 2011. DE 41.

An Initial Conference was held before this Court on October 26, 2011, at which time counsel for all parties made an appearance. DE 45. At the conference, NYIT requested a stay of discovery until the disposition of its motion to dismiss. *Id*. ¶ 5. In light of the pending motion, the

Court granted the request and stayed discovery, except for limited paper discovery, pending Judge Bianco's decision on the motion. *Id.* ¶ 5. Consequently, the Court adopted a Limited Case Management and Scheduling Order. DE 46. The parties were advised to notify the Court if the motion was denied so the Court could then implement a full scheduling order with the parties. DE 45 ¶ 5. Notably, the Court explained that

> Under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying Case Management and Scheduling Order must be approved in advance by the Court. Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders. All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline. The parties are directed to my Individual Practice Rules for further information.

*Id.* ¶ 12.

On January 11, 2012, Judge Bianco presided over oral argument on NYIT's motion to dismiss the Complaint. DE 59. After consideration of the parties' respective arguments, Judge Bianco denied NYIT's motion to dismiss and granted Plaintiff leave to file the FAC. *Id.* Judge Bianco ordered Defendants to file their Answer to the FAC within thirty days. *Id.*

On January 18, 2012, this Court held a Telephone Status Conference as a result of Judge Bianco's disposition of NYIT's motion to dismiss. DE 65 ¶ 1. Of particular significance was the Court's directive that "[i]f any party wishes to amend its pleadings after the responses to written discovery have been evaluated, then counsel must file a letter request for a pre-motion conference to Judge Bianco for purposes of moving to amend no later than February 29, 2012." *Id.* ¶ 3. Again, the parties were reminded that any amendments to the scheduling order must be approved in advance by the Court. *Id.* ¶ 9.

This Court, on January 18, 2012, adopted an Amended Case Management and Scheduling Order ("CMSO"), which also set forth guidelines concerning the modification of the discovery deadlines as well as the amendment of pleadings. DE 66. The Court advised the parties in its CMSO that the deadlines therein "would only be modified upon a timely showing of good cause." *Id*. at VI(a). Moreover, the Court explained that "[a] request for an extension of any deadline submitted less than 30 days before that deadline will be considered untimely and will not be granted absent extraordinary circumstances." *Id*. at VI(b). Additionally, "[a] request for modification of any deadline in this scheduling order must be in writing, and submitted in accordance with my individual practice rules." *Id*. at VI(c). The parties were given until February 29, 2012 to seek leave to join additional parties or amend the pleadings. *Id*. at I.

On February 10, 2012, NYIT filed its Answer to the FAC. DE 70. By way of letter-motion, dated February 24, 2012, Plaintiff requested an extension of time until March 30, 2012 to amend the pleadings or join additional parties. DE 71. On February 27, 2012, this Court granted the extension. *See* Feb. 27, 2012 Electronic Order.

In accordance with Judge Bianco's directives, on March 29, 2012, Plaintiff filed a letter-motion, annexing the proposed amended pleading, seeking leave to file a Second Amended Complaint. DE 80. In a letter filed April 12, 2012, NYIT's counsel confirmed that it consented to the filing of the Second Amended Complaint. DE 81. Judge Bianco granted Plaintiff leave to file its Second Amended Complaint ("SAC") on April 19, 2012. DE 82. Judge Bianco further directed NYIT to interpose its answer to the SAC by May 9, 2012 and notified Infotec that if it

failed to file an answer within the time period required in the Federal Rules of Civil Procedure, Plaintiff may move for default judgment against Infotec on the SAC. *Id.*[1]

The next day, on April 20, 2012, Plaintiff filed the SAC. DE 83. NYIT filed its Answer to the SAC on May 9, 2012. DE 90. NYIT did not assert the affirmative defenses of statute of frauds or merger in its May 9, 2012 Answer. *Id.* at 21.

On July 19, 2012, both Plaintiff and NYIT filed separate letters seeking an extension of time to complete discovery and for adjournment of the deadline to initiate the dispositive motion process. DE 94, 95. This Court granted that request, extending the discovery deadline to October 1, 2012 and the deadline for initiating the dispositive motion process to October 14, 2012. *See* July 20, 2012 Electronic Order. The Court advised the parties that all other deadlines set forth in the CMSO remain in effect. *Id.* Subsequently, the parties requested three brief extensions of time to complete discovery, each of which was granted by the Court and discovery was ultimately closed on October 11, 2012. DE 99, 103, 104; Oct. 9, 2012 Electronic Order.

On October 15, 2012, NYIT filed a letter request for a pre-motion conference to Judge Bianco seeking leave to move for summary judgment on all claims brought by Plaintiff against NYIT. DE 106. Significantly, in discussing Plaintiff's breach of contract claim, NYIT noted its intent to raise the affirmative defenses of statute of frauds and merger. *Id.* at 2. By Electronic Order, dated October 15, 2012, Judge Bianco granted NYIT's motion for a pre-motion conference. Oct. 15, 2012 Electronic Order.

On November 28, 2012, Plaintiff filed the instant letter-motion to preclude NYIT from asserting the affirmative defenses of statute of frauds and merger. DE 117. In response, on

---

[1]     Infotec never appeared and did not retain counsel. *See* DE 122. The Clerk of the Court noted Infotec's default on the record on March 13, 2013, pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.1. *See id.* Plaintiff has moved for a default judgment against Infotec and that motion is pending before Judge Bianco. *See* DE 129.

December 3, 2012, NYIT filed its letter in opposition to Plaintiff's motion and, additionally, sought leave to amend its Answer to the SAC to add the foregoing affirmative defenses. DE 118. Plaintiff filed his opposition to NYIT's letter-motion seeking leave to file an amended Answer on December 6, 2012. DE 119.

## III. LEGAL STANDARD

### A. Rule 37 Sanctions

Under FED. R. CIV. P. 37(b)(2)(A)(ii),

> [i]f a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . .(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

*MPD Accessories v. Urban Outfitters, Inc.*, No. 12 Civ. 6501, 2013 WL 4399199, at *7 (S.D.N.Y. Aug. 13, 2013) (citing FED. R. CIV. P. 37(b)(2)(A)(ii)). District courts possess wide discretion to impose sanctions under Rule 37(b)(2). *Id.* (citing *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)). "The discovery provisions of the Federal Rules of Civil Procedure are 'designed to achieve disclosure of all the evidence relevant to the merits of a controversy.'" *Id.* (same). "It is intended that this disclosure of evidence proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention." *Id.* (same). "When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Id.* (same). Rule 37(b)(2) sanctions must be both (1) just and (2) "relate to the particular claim to which the discovery order was addressed." *Daval*, 951 F.2d at 1366. Before sanctions are imposed, the non-

compliant party must be provided with notice and an opportunity to be heard. *SEC v. Razmilovic*, No. 12 Civ. 0357, 2013 WL 3779339, at *7 (2d Cir. 2013).

"Rule 16(f) further provides that 'the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order.'" *Local #46 Metallic Lathers Union & Reinforcing Iron Workers Welfare Trust v. Brookman Constr. Co.*, No. 12 Civ. 2180, 2013 WL 2898130, at *3 (E.D.N.Y. June 13, 2013) (quoting FED. R. CIV. P. 16(f)). "The imposition of severe sanctions is necessary to avoid a situation where courts encourage dilatory tactics, and compliance with discovery orders . . . come[s] only when the backs of counsel and the litigants [are] against the wall." *Wilson v. Pasquale's DaMarino's, Inc.*, No. 10 Civ. 2709, 2013 WL 1195603, at *5 (E.D.N.Y. Mar. 25, 2013) (internal citation and quotation omitted). Under Second Circuit law, a number of factors must be considered by a court in the imposition of sanction under the Federal Rules, namely, (1) the non-compliant party's willfulness or reason for non-compliance; (2) efficacy of lesser sanctions; (3) the duration period of non-compliance; and (4) whether the non-compliant party had previously been warned about consequences surrounding non-compliance. *Id.* (internal citation and quotations omitted).

### B.    Amendment of the Scheduling Order and Pleadings

Under the Federal Rules of Civil Procedure, where a court has adopted a discovery scheduling order, as in the instant action, it may only "be modified for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be

modified except upon a showing of good cause.'" *Gullo v. City of New York*, No. 12 Civ. 4523, 2013 WL 5433367, *1 (2d Cir. 2013) (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)). Determining whether a party has established "good cause" within the meaning of Rule 16(b) is dependent upon the party's diligence. *Digennaro v. Whitehair*, 467 Fed. Appx. 42, 44 (2d Cir. 2012) (internal citation omitted). The balancing act between Rules 15(a) and 16(b) is necessary "so as not to render scheduling orders meaningless and undermine a court's ability to control its docket." *Id.* (same).

Rule 15(a) of the Federal Rules of Civil Procedure provides that in cases where a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* FED. R. CIV. P. 15(a); *see also Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Leave to amend is within the court's discretion. *Krupski v. Costa Crociere S. p. A.*, 130 S.Ct. 2485, 2489 (2010) (Rule 15(a) "gives a district court discretion to decide whether to grant a motion to amend a pleading before trial."); *MHANY Mgmt. v. County of Nassau*, 843 F. Supp. 2d 287, 340 (E.D.N.Y. 2012) (noting that "it is ultimately within the sound discretion of the court whether to grant leave to amend"). A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (quoting Fed. R. Civ. P. 15(a)); *Grace v. Rosenstock*, 228 F.3d 40, 56 (2d Cir. 2000) (same); *Guideone Specialty Mut. Ins. Co. v. Hapletah*, No. CV 2005-1401, 2006 WL 1455468, at *1 (E.D.N.Y. May 24, 2004) (Rule 15(a) "provides for a liberal amendment of pleadings."). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *MHANY Mgmt.*, 843 F. Supp. 2d at

340; *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 302 (E.D.N.Y. 2013) (same) (citing *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)).

Notwithstanding the foregoing principles, leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213-214 (2d Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *SCS Commc'n, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 345 (2d Cir. 2004) (noting that under Rule 15(a), "leave to amend a pleading may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent") (emphasis in original).

"To determine what constitutes prejudice, the Court considers whether the amendment would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiffs from bringing a timely action in another jurisdiction." *Hernandez v. Immortal Rise*, Inc., No. 11 CV 4360, 2013 WL 1703529, at *4 (E.D.N.Y. Apr. 19, 2013) (internal quotations omitted) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993)); *Themis Capital, LLC v. Democratic Republic of Congo*, No. 09 CIV. 1652, 2013 WL 1687198, at *4 (S.D.N.Y. Apr. 18, 2013) (same). "The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial." *Fariello v. Campbell*, 860 F. Supp. 54, 70 (E.D.N.Y. 1994); *see also European Cmty. v. RJR Nabisco, Inc.*, 150 F. Supp. 2d 456, 502-03 (E.D.N.Y. 2001); *Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 123 (E.D.N.Y. 1996).

Futility "turns on whether a proposed pleading would be able to withstand a dispositive pretrial motion." *Themis Capital,* 2013 WL 1687198, at *6 (citing *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339 (2d Cir. 2000); *Touchtunes Music Corp. v. Rowe Int'l Corp.,* 847 F. Supp. 2d 606, 621 (S.D.N.Y. 2012)). The opposing party likewise bears the burden of establishing that an amendment would be futile. *See Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137-8 (E.D.N.Y. 1998) (citing *Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998)).

## IV. DISCUSSION

### A. Plaintiff's Motion under FED. R. CIV. P. 16(f)(1)(C), 16(f)(2), and 37(b)(2)(A)(ii)

Plaintiff argues that in light of NYIT's lack of diligence in seeking leave to amend its Answer, NYIT has failed to demonstrate "good cause" to warrant modification of the CMSO. Pl.'s Mot. at 2. In fact, NYIT's October 15, 2012 pre-motion letter to Judge Bianco, Plaintiff claims, failed to even acknowledge that a party must first demonstrate diligence to establish good cause to amend the CMSO. *Id.* In light of NYIT's failure to assert the affirmative defenses of statute of frauds and merger in its Answer to both the FAC [DE 69] and SAC [DE 90], Plaintiff seeks an order prohibiting Plaintiff from raising these defenses pursuant to FED. R. CIV. P. 37(b)(2)(A)(ii). *Id.* at 2-3. In addition, Plaintiff seeks the Court's imposition of sanctions in accordance with FED. R. CIV. P. 16(f)(1)(C) and (f)(2). *Id.* at 3.

Plaintiff explains further that, in New York, the statute of frauds under New York General Obligations Law § 5-701(a) and merger under New York General Obligations Law § 15-301 are defenses which must be affirmatively pled. Pl.'s Mot. at 2 & n.2. Failure to assert these defenses in a responsive pleading results in their waiver. *Id.* (citing *Travellers Int'l, A.G. v. Trans World Airlines*, 41 F.3d 1570, 1580 (2d Cir. 1994) ("The general rule in federal courts is that a failure to

plead an affirmative defense results in a waiver."). Plaintiff argues that he would be prejudiced if NYIT's eleventh-hour request for leave to file these two affirmative defenses were granted by this Court, since these defenses could prove fatal to his breach of contract claim. *Id*.

According to Plaintiff, NYIT had numerous opportunities to amend its Answer but failed to do so. *See* Pl.'s Mot. at 2. First, it is undisputed that NYIT failed to raise the defenses in its Answer to the SAC. *Id*. Second, Plaintiff took a Rule 30(b)(6) deposition of NYIT witness Dr. Richard Pizer concerning the two affirmative defenses raised in NYIT's Answer. *Id*.; *see* Pl.'s Notice of Deposition Pursuant to Rule 30(b)(6), annexed to Pl.'s Mot. as Ex. "3." However, despite the two-day deposition, NYIT never indicated its intention to raise the affirmative defenses of statute of frauds or merger in this action. *See* Pl.'s Mot. at 2. Third, Plaintiff asserts that he would be denied discovery of the two new affirmative defenses if the Court granted NYIT leave to amend in light of the close of discovery. *Id*. Notwithstanding the foregoing events, NYIT only declared its intent to raise these affirmative defenses in its October 15, 2012 pre-motion letter to Judge Bianco. *Id*. Plaintiff additionally notes that during oral argument on NYIT's motion to dismiss the FAC, which was denied for the reasons set forth in the record, counsel for NYIT noted that it would have raised the defenses of statute of frauds and merger had it been permitted to fully brief its motion. *Id*. at n.3 (citing Transcript of Civil Cause for Motion before the Hon. Joseph F. Bianco, U.S. District Judge, annexed to Pl.'s Mot. as Ex "2"). However, NYIT did not seek leave to assert these defenses until more than seven months later, following the close of discovery when it submitted its pre-motion letter on October 15, 2012 seeking leave of Court before Judge Bianco to file a motion for summary judgment. *Id*. at 2; DE 106 at 2.

**B.     NYIT's Letter in Opposition and Motion to Seek Leave to Amend its Answer**

On December 3, 2012, NYIT filed a letter in opposition to Plaintiff's November 28, 2012 letter-motion. *See* Def.'s Opp. [DE 118]. In its December 3 letter, NYIT separately requested the Court's permission for leave to amend its Answer to the SAC to add statute of frauds and merger as affirmative defenses. *Id*. at 1. NYIT submits that leave to amend should be given freely, especially when there is no showing of prejudice by the opposing party. *Id*. NYIT claims that Plaintiff has, concededly, been aware of NYIT's intention to assert the defenses at issue as early as January 11, 2012 when the parties appeared before Judge Bianco for oral argument on NYIT's motion to dismiss. *Id*. Consequently, NYIT professes, Plaintiff has no basis to claim surprise at this juncture of litigation. *Id*.

NYIT professes that not until it took Plaintiff's deposition on July 25, 2012, did it become aware about the "nature of the contracts" Plaintiff alleges were breached, the terms and conditions of the written agreement breached, and the terms of the oral contract, including that the oral agreement was for a two-year period, which Plaintiff submits was breached by NYIT. Def.'s Opp. at 1. NYIT disputes that Plaintiff was deprived of an opportunity to conduct discovery concerning the "alleged oral contract as well as the effect of the merger clause on the claims for breach of the written agreement." *Id*. at 1-2. NYIT further claims that, in any event, its 30(b)(6) witness, Dr. Pizer, lacked personal knowledge concerning the defenses at issue and, thus, could not conceivably testify about them during his deposition. *Id*. at 2.

Moreover, NYIT asserts that the relief it seeks, namely, the amendment of its Answer, is no different from the relief Plaintiff seeks in his application for leave to amend the SAC to add Dr.

Hussein as a party under an alter ego theory. Def.'s Mot. at 2.[2]  In both cases, NYIT argues, the

parties seek a modification of the CMSO to allow an amendment to the pleadings. *Id*.

Consequently, NYIT maintains that the prejudice to Plaintiff is no less than the prejudice to NYIT

if the Court allows Plaintiff to amend the SAC. *Id*.  NYIT argues further that in the event the

Court grants Plaintiff leave to amend the SAC, it would necessarily be provided an opportunity to

file an answer anyway, in which instance, it would assert the two affirmative defenses at issue. *Id*.

Finally, NYIT argues that courts routinely permit parties to "assert affirmative defenses for

the first time in connection with a motion for summary judgment." Def.'s Opp. at 2.  NYIT

contends that "[i]f a party asserts an affirmative defense for the first time in a summary judgment

motion, the court may construe the summary judgment motion as a motion to amends its pleadings,

which "shall be freely given when justice so requires." *Id*. (quoting *Marathon Enterprises, Inc. v.

Schroter GMBH & Co.*, No. 01 Civ. 0595, 2003 WL 355238, at \*5 (S.D.N.Y. Feb. 18, 2003)).  In

addition, NYIT argues, courts regularly grant parties leave to assert unpled affirmative defenses,

including the statute of frauds, in a summary judgment motion. *Id*. at 3 (citing *Multi-Juice, S.A. v.

Snapple Beverage Corp.*, No. 02 Civ. 4635, 2006 WL 1519981, at \*11 (S.D.N.Y. June 1, 2006)).

### C.     Plaintiff's Letter in Opposition to NYIT's Motion to Amend its Answer

In response to NYIT's December 3, 2012 letter-opposition and motion for leave to amend,

Plaintiff filed its own opposition on December 6, 2012, arguing that NYIT should not be given

leave to amend its Answer to the SAC. *See* Pl.'s Opp. [DE 119].  Plaintiff claims that NYIT's

motion to amend the Answer is unduly delayed and fails to satisfy the requirements set forth in

---

[2]      On November 15, 2012, Plaintiff filed a letter-motion addressed to both Judge Bianco and
this Court requesting a pre-motion conference concerning (1) the modification of the March 30,
2012 deadline to join parties or amend pleadings and (2) the amendment of the SAC to assert a
claim that Dr. Hussein is the alter ego of Infotec. DE 113 at 1.  That application is not addressed
here.

FED. R. CIV. P. 16(b)(4) to modify the CMSO, namely, "good cause and with the judge's consent." *Id*. at 1. Plaintiff argues that in order "[t]o satisfy the good cause standard 'the party must show that, despite it having exercised diligence, the applicable deadline could not have been reasonably met.'" *Id*. (quoting *Sokol Holdings, Inc. v. MBM Munai, Inc*., No. 05 Civ. 3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009)). Plaintiff asserts that courts will reject an application for leave to amend when there is evidence that the proposed amendment is based on information "that the party knew, or should have known, in advance of the deadline." *Id*. (same). In light of this case law, Plaintiff argues that NYIT has failed to demonstrate why it failed to interpose the two proposed affirmative defenses in a timely manner. *Id*. at 2-3.

According to Plaintiff, NYIT's contention that it would suffer prejudice from Dr. Hussein's addition as a party defendant is conclusory and unsupported. Pl.'s Opp. at 2. First, Plaintiff claims that Dr. Hussein's alter ego status is part and parcel of his own allegations as originally set forth in the FAC. *Id*. In any event, Plaintiff maintains, NYIT lacks standing to defend against a claim of alter ego liability against Dr. Hussein and that such an amendment would not add an additional cause of action against NYIT. *Id*.

Moreover, Plaintiff disputes NYIT's argument that, in any case, it would be entitled to raise two new affirmative defenses in its answer to a potential Third Amended Complaint. Pl.'s Opp. at 2. As noted by Plaintiff, "[a] party is only entitled to add additional defenses in an amended answer if the additional defenses are strictly confined to the new issues raised by the amended complaint." *Id*. (citing *Southern New England Tel. Co. v. Global NAPS, Inc.*, 04 Civ. 2075, 2007 WL 521162, at *2 (D.Conn. Feb. 14, 2007). According to Plaintiff, since NYIT's two proposed defenses are unrelated to the alter ego claim Plaintiff seeks to add, NYIT would not be entitled,

under this view, to assert the desired defenses as a matter of right in a Third Amended Complaint. *Id.*

Finally, Plaintiff takes issue with NYIT's claim that it was granted discovery on the statute of frauds and merger defenses.  Pl.'s Opp. at 4.  Plaintiff states that the Court should reject NYIT's claim that its 30(b)(6) witness, Robert Pizer, had no personal knowledge of these defenses since it is well-settled that a witness produced pursuant to FED. R. CIV. P. 30(b)(6) must be prepared to answer all questions on all topics set forth in the notice of deposition.  *Id.*

### D.    Analysis

#### a.    Sanctions under Rule 37(b)(2)(A)(ii) and 16(f)

The Court finds that Plaintiff has failed to set forth a basis for the imposition of an order prohibiting NYIT from raising the affirmative defenses of statute of frauds and merger under Rule 37(b)(2)(A)(ii) or imposition of monetary sanctions under Rule 16(f) for failure to comply with the deadline for seeking leave to amend set forth in the CMSO.  Plaintiff, here, has not demonstrated that NYIT failed to "obey an order to provide or permit discovery" under Rule 37(b). "'Provided that there is a clearly articulated order of the court requiring specific discovery,' Rule 37(b) of the Federal Rules of Civil Procedure gives district courts authority to impose sanctions for noncompliance with such an order."  *Oleg Cassini, Inc. v. Electrolux Home Prods.*, No. 11 Civ. 1237, 2013 WL 3056805, at *3 (S.D.N.Y. June 19, 2013)(quoting *Daval*, 951 F.2d at 1363). Additionally, Plaintiff's motion fails to cite any legal authority to support his position that an order under Rule 37 should be imposed prohibiting NYIT from amending its Answer.  In light of the foregoing, Plaintiff's motion for a preclusionary order under Rule 37 is denied.

Moreover, cases showing that a court has imposed sanctions under Rule 37 involve facts demonstrating egregious violations of the court's directives. For example, in *Wilson*, 2013 WL 1195603, at *7, the court imposed the ultimate sanction of entering a default judgment against defendants for their "willful" misconduct, which had continued for an excess of two years, without a "valid reason," rendering a less severe sanction than default ineffective. More specifically, the court in *Wilson* found that defendants had "deliberately obstructed these proceedings in a variety of ways, including by refusing to produce discovery or to appear at deposition, failing to attend court conferences, and failing to respond to orders to show cause." *Wilson*, 2013 WL 1195603, at *7. Further, the court found that defendants' "frequent retention and dismissal of lawyers" without "credible explanation" made such a sanction necessary. *Id.* NYIT's conduct, though dilatory, falls far short of the sanctionable conduct discussed in *Wilson*. *See RLI Ins. Co. v. May Constr. Co.,* No. 09 Civ. 7415, 2011 WL 1197937, at *2-3 (S.D.N.Y. Mar. 22, 2011) (holding that defendant's willful disobedience of multiple court orders coupled with multiple warnings which were ignored provided basis for striking defendant's answer as lesser sanctions would be insufficient to remedy his failure). Moreover, the Court, in the exercise of its discretion, does not find that the imposition of monetary sanctions is warranted under Rule 16(f) for NYIT's failure to seek leave to amend prior to the expiration of the deadline set forth in the CMSO.

### b.     Amendments of the Scheduling Order and NYIT's Answer

The Court has considered the arguments from both parties and finds that while NYIT has not exactly demonstrated "good cause" for a modification of the CMSO, leave to amend NYIT's Answer should be granted. Plaintiff argues that, despite multiple opportunities, NYIT failed to assert the two affirmative defenses it now seeks to add, thereby prejudicing Plaintiff. The Court,

however, finds that although NYIT has not been a model of diligence or compliance with deadlines nor provided a robust "good cause" argument, the ultimate determination here is within the Court's discretion, taking into account the totality of the circumstances. In exercising that discretion, the Court looks to a number of factors here: (1) NYIT alluded to these defenses at oral argument on its motion to dismiss on January 11, 2012; (2) NYIT uncovered new testimony concerning the terms and conditions of the Plaintiff's contract following Plaintiff's deposition on July 25, 2012; (3) the testimony of several witnesses produced by NYIT, including Dean Roger Yu of the NYIT College of Arts and Sciences and Dr. Robert M. Smith, Coordinator of Middle East Computer Graphics uncovered evidence about Plaintiff's oral agreement and the recommendation of a contract extension for Plaintiff; and (4) NYIT asserted their intent to raise these defenses in its pre-motion letter to Judge Bianco. *See* Def.'s Opp. at. 1-2; *see also Digennaro*, 467 Fed. Appx. at 44.

Moreover, Plaintiff has not demonstrated any evidence of bad faith, dilatory motive, or futility with respect to NYIT's proposed amendment. *Williams*, 659 F.3d at 213-214. To the contrary, based upon the assertions set forth in NYIT's opposition, it appears that NYIT has a good faith basis for proffering the two affirmative defenses it seeks to add to its pleadings. Plaintiff has the burden to prove that these amendments would be futile, which Plaintiff has not addressed. *See generally* Pl.'s Mot.; *see also Blaskiewicz*, 29 F. Supp. 2d at 137-8.

Moreover, the Court is not convinced that Plaintiff would be prejudiced by the assertion of these two affirmative defenses. First, the assertion of these defenses would not require Plaintiff to entail significant additional resources to defend. *Hernandez*, 2013 WL 1703529, at *4. It appears, moreover, that Plaintiff has already elicited testimony from NYIT witnesses about his breach of

contract claim through the depositions of Dean Yu and Dr. Smith.  *See* NYIT Opp. at 2.  Secondly, the assertion of these defenses would not cause a significant delay in the resolution of this action. *Hernandez*, 2013 WL 1703529, at *4.  Discovery closed on October 11, 2012 and the parties have completed nearly all depositions and no discovery disputes remain outstanding.  *See* Sept. 9, 2012 Electronic Order.  The addition of these two affirmative defenses would not create substantial delay in the completion of discovery.  Nor can Plaintiff claim that this amendment would prevent him from "bringing a timely action in another jurisdiction."  *Hernandez*, 2013 WL 1703529, at *4. No such assertion has been, or can be, made by Plaintiff.

Furthermore, Plaintiff cannot claim surprise with respect to these two defenses in light of his own admission that NYIT alluded to them as early as January 11, 2012 at oral argument before Judge Bianco.  *See* Pl.'s Mot. at 2 & n.2.  Moreover, Plaintiff does not dispute that the evidence borne out during the depositions of Dean Yu and Dr. Smith involved extensive testimony concerning "the existence of the alleged oral agreement, their recommendation of a contract extension for plaintiff and other aspects of the alleged oral contract."  NYIT's Opp. at 2.  Plaintiff claims that he has been unable to depose an NYIT witness regarding these defenses.  However, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."  *Bernhard v. Central Parking Sys. of New York, Inc.*, 282 F.R.D. 284, 291 (E.D.N.Y. 2012) (quoting *United States v. Continental Ill. Nat'l Bank & Trust of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989)).

The Court further notes that the procedural posture of this case supports a limited amendment of the CMSO.  First, no trial date has been set by the Court.  Secondly, in light of the Court's September 30, 2012 Order compelling the appearance of Dr. Mohammed Hussein for a

deposition in New York pursuant to the Walsh Act, discovery with respect to this witness remains open. *See* DE 133. Additionally, the parties have not yet engaged in dispositive motion practice. As such, the Court finds that permitting NYIT to amend its Answer would not prejudice Plaintiff at this stage of litigation.

The Court, however, agrees with Plaintiff that he was deprived of an opportunity to examine NYIT concerning the proposed defenses of statute of frauds and merger at the Rule 30(b)(6) deposition of Dr. Pizer. Pl.'s Opp. at 3. Contrary to NYIT's position, simply asserting that its Rule 30(b)(6) witness lacked personal knowledge concerning the foregoing defenses is insufficient for a deposition noticed upon a 30(b)(6) corporate representative, who must be prepared to answer all questions concerning the topics in the notice of deposition. In a Rule 30(b)(6) deposition, "the deponents must be both knowledgeable about a given area and prepared to give complete and binding answers on behalf of the organization." *Rahman v. Smith & Wollensky Rest. Group, Inc.*, No. 06 Civ. 6198, 2009 WL 773344, at *1 (S.D.N.Y. Mar. 18, 2009) (internal citations omitted). Moreover, "[a] corporation has an affirmative duty to prepare the designee 'to the extent matters are reasonably available, whether from documents, past employees, or other sources.'" *Id*. at *5 (same). In light of these principles and to eliminate any purported prejudice to Plaintiff, the Court directs that Plaintiff will be permitted to re-open Defendant NYIT's Rule 30(b)(6) deposition to allow Plaintiff's counsel to depose NYIT solely with respect to the two affirmative defenses of statute of frauds and merger. Based on NYIT's decision to raise these defenses after the close of discovery, the costs associated with the re-opened deposition shall be borne by NYIT. The Court is further putting NYIT on notice that it has an obligation to present

a witness fully knowledgeable to respond to questions relating to the topics in the notice of deposition.

Finally, courts permit parties in certain circumstances to amend answers to assert affirmative defenses that must be asserted in a responsive pleading.  Under Rule 8(c), "in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including…statute of frauds."  FED. R. CIV. P. 8(c).  However, the rule is "not applied automatically and as a practical matter there are numerous exceptions to it."  *Marathon Enterprises*, 2003 WL 355238, at \*5 (internal citations and quotations omitted).  "If a party asserts an affirmative defense for the first time in a summary judgment motion, the court may construe the summary judgment motion as a motion to amend its pleadings, which shall be freely given when justice so requires."  *Id*. (same).  "In particular, affirmative defenses raised for the first time in a summary judgment motion have been allowed where the plaintiff had a sufficient opportunity to respond."  *Id.* (internal citation omitted).

The instant action is not unlike *Marathon Enterprises*, where the court held that "Defendants' failure to specifically plead the breach of contract defense as an affirmative defense in their answers is not dispositive."  *Marathon Enterprises*, 2003 WL 355238, at \*5.  The Court there explained that plaintiff "was put on notice of defendants' position when" defendants disputed plaintiffs' claim that it "fulfilled all obligations under the Agreement."  *Id*.  Moreover, the court pointed out that there had been no showing of prejudice since Plaintiff was "not deprived of discovery on the issue and has had an opportunity to be heard in this respect." *Id*.  Here, the Court has ordered that the NYIT's Rule 30(b)(6) deposition be re-opened so that any open questions Plaintiff has concerning the statute of frauds and merger defenses can be answered by NYIT's

witness. *See Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 268 F.R.D. 160, 166 (E.D.N.Y. 2010) (granting plaintiffs leave to amend despite the fact that adding new defendants would require the re-deposition of the three plaintiffs and that the costs of the new discovery would harm defendants financially). Moreover, Plaintiff, as explained above, already conducted discovery with respect to his breach of contract claim against NYIT. Finally, like the instant matter, the court in *Marathon Enterprises* found no bad faith with respect to the defendants' application to amend its answer and, consequently, granted defendants leave to amend their answer to assert the affirmative defense of breach of contract, even at summary judgment. *Id.*

In *Cyan Contr. Corp. v. New York State Dormitory Auth.*, No. 09 Civ. 603, 2011 U.S. Dist. LEXIS 119371, at *43-44 (S.D.N.Y. July 11, 2011), the court permitted the affirmative defense of statute of frauds to be raised for the first time at summary judgment. The court in *Cyan* explained that "a court does not abuse its discretion by permitting an affirmative defense to be raised for the first time on a summary judgment motion so long as the adverse party is not surprised or prejudiced." See *Cyan*, 2011 U.S. Dist. LEXIS 119371, 43-44 (citing *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003)). Similarly in *Multi-Juice, S.A.*, 2006 WL 1519981, at *11, the court allowed defendant to raise the statute of frauds defense for the first time at summary judgment even though not pled in its answer since "there [was] no indication that such an allowance would require Plaintiffs to expend significant additional resources to conduct discovery and prepare for trial, significantly delay the resolution of the dispute, or prevent Plaintiffs from bringing a timely action in another jurisdiction." Accordingly, in light of the procedural posture of this case, the Court grants Defendant NYIT's motion to amend its Answer to the SAC to assert the affirmative defenses of statute of frauds and merger.

**V.**      <u>CONCLUSION</u>

For the foregoing reasons, the Court: (1) DENIES Plaintiff's motion for an order pursuant to Rule 37(b)(2)(A)(ii) prohibiting Defendant NYIT from amending its Answer to assert the affirmative defenses of statute of frauds and merger; (2) DENIES Plaintiff's motion for sanctions pursuant to Rule 16(f) against Defendant NYIT for violation of the CMSO; (3) GRANTS Defendant NYIT's motion to file an Amended Answer to the SAC solely to add the affirmative defenses of statute of frauds and merger, which must be filed on ECF on or before October 7, 2013; and (4) RE-OPENS the Rule 30(b)(6) deposition of Defendant NYIT solely with respect to testimony concerning the affirmative defenses of statute of frauds and merger, which must be completed on or before November 15, 2013.

**SO ORDERED.**

Dated: Central Islip, New York
        September 30, 2013

                                         <u>/s/ A. Kathleen Tomlinson</u>
                                         A. KATHLEEN TOMLINSON
                                         U.S. Magistrate Judge