UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

DENNIS BALK,

          Plaintiff,

    - against -

NEW YORK INSTITUTE OF
TECHNOLOGY and INFOTEC
CORPORATION and MOHAMED YOSSRY
HUSSEIN,

          Defendants.

------------------------------------------------------------- X

MEMORANDUM
OPINION AND ORDER

11-cv-509 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/11/16

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       Dennis Balk brought ten claims — against the New York Institute of Technology ("NYIT"), Infotec Corporation ("Infotec"), and individual defendant Dr. Mohamed Hussein — for, *inter alia*, discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and state law torts relating to his former employment at NYIT's campus in Bahrain.[1] Balk's Third Amended Complaint (the "Complaint"), filed April 3, 2014, alleged four claims against NYIT only, one claim against Infotec only for interference with Balk's NYIT contract, three

---

[1]     This case was originally assigned to the Honorable Joseph F. Bianco of the Eastern District of New York. It was transferred to this Court on August 3, 2015.

-1-

claims to hold Infotec liable as a joint employer with NYIT, one claim against both NYIT and Infotec, and one claim to hold Hussein liable as an alter ego of Infotec. In other words, all of Balk's claims against Infotec and Hussein are linked to the merits of his claims against NYIT.

NYIT is the only defendant who is currently represented by counsel and who has continued to participate in this action. Of the other two defendants, Infotec has not been represented since March 15, 2012[2] and service on Hussein was never effectuated. Discovery closed in September 2014.

On December 15, 2014, NYIT and Balk filed cross-motions for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. On September 16, 2015, this Court granted NYIT's motion for summary judgment in full, denied Balk's motion for summary judgment in full, and dismissed all claims against NYIT (the "September 16, 2015 Opinion").[3] On September 30, 2015, Balk filed a motion for partial reconsideration of the September 16, 2015 Opinion. The Court denied that motion on November 9, 2015 (the "November 9, 2015

---

[2] On March 15, 2012, after a hearing on an order to show cause, Judge Bianco permitted Infotec's attorneys to withdraw as counsel.

[3] *See Balk v. New York Inst. of Tech.*, No. 11 Civ. 509, 2015 WL 5518709 (E.D.N.Y. Sept. 16, 2015).

Opinion").[4]

As a result, the only remaining claims in this case are those asserted against Infotec and Hussein. Recognizing that these pending claims inhibit the automatic entry of a final judgment, Balk filed a letter on December 11, 2015 requesting that the Court (1) certify his dismissed claims against NYIT as appealable under Rule 54(b) of the Federal Rules of Civil Procedure and (2) stay his pending claims against Infotec and Hussein during that Rule 54(b) appeal.[5]

"Ordinarily, [a court of appeals has] jurisdiction only over [an] appeal[] from [a] final decision[] of the district court," *i.e.*, "one that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision."[6] However, "[u]nder Rule 54(b), . . . a district court may certify a final judgment where: (1) there are multiple claims or

---

[4] *See Balk v. New York Inst. of Tech.*, No. 11 Civ. 509, 2015 WL 6985119 (E.D.N.Y. Nov. 9, 2015). On March 11, 2016, this Court granted NYIT's request to withdraw, without prejudice, its cross-claim against Hussein.

[5] On January 22, 2016, Balk filed another letter "Requesting Limited Discovery Pertaining to the Reported Death of Dr. Mohamed Hussein." On January 27, 2016, NYIT filed a letter objecting to Balk's request to reopen discovery. For the reasons stated in this Memorandum Opinion and Order, Balk's discovery request is denied. Additionally, on February 1, 2016, the Clerk of Court entered a Certificate of Default against Infotec (at Balk's request) but Balk has not moved for a default judgment against Infotec since the entry of this certificate.

[6] *Transport Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 505 F.3d 226, 230 (2d Cir. 2007) (citations omitted).

parties; (2) at least one claim or the rights and liabilities of at least one party has been determined; and (3) there is an express determination that there is no just reason for delay."[7] Nevertheless, "[n]ot all final judgments on individual claims should be immediately appealable."[8] Rather, "if it appears that a claim already determined could be subject to review in a subsequent appeal, then Rule 54(b) certification is improper."[9]

In light of the substantive overlap between the claims against NYIT (which have been dismissed) and those involving Infotec and/or Hussein (which have not been adjudicated), it is likely that the same or similar issues would be "subject to review in a subsequent appeal."[10] Accordingly, Balk's request for Rule 54(b) certification on his claims against NYIT is denied.

However, for the reasons stated in the September 16, 2015 and November 9, 2015 Opinions, all claims against Infotec and Hussein — which turn

---

[7] *Id.*

[8] *Id.* (quotation omitted).

[9] *Id.* (citation omitted). *Accord Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) (explaining that Rule 54(b) certification is inappropriate "if the same or closely related issues remain to be litigated against the undismissed defendants").

[10] *Transport Workers Union*, 505 F.3d at 230.

-4-

on the now-dismissed claims against NYIT — are found to be without merit.[11] Accordingly, all pending claims are hereby dismissed with prejudice, and the Clerk of the Court is directed to close this case.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            March 11, 2016

---

[11] *See First Fin. Ins. Co. v. Allstate Interior Demolition Corp.*, 193 F.3d 109, 114-15 (2d Cir. 1999) ("'When a party makes a motion for summary judgment, the Court may search the record and grant summary judgment, not just to the moving party, but to any party who may be entitled to it.'") (quoting *Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir. 1996)). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (explaining that "district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that she had to come forward with all her evidence").

## -Appearances-

**For Plaintiff:**

Randy M. Kornfeld, Esq.
Kornfeld & Associates P.C.
250 Madison Avenue, 8th Floor
New York, NY 10016
(212) 759-6767

Ridley M. Whitaker, Esq.
Law Offices of Ridley M. Whitaker
830 Third Avenue, 5th Floor
New York, NY 10022
(212) 218-5656

Vincent E. Bauer, Esq.
Law Offices of Vincent E. Bauer
112 Madison Avenue, 5th Floor
New York, NY 10016
(212) 575-1517

**For Defendant NYIT:**

Douglas Peter Catalano, Esq.
Neil G. Sparber, Esq.
Samantha E. Beltre, Esq.
David Jason Kessler, Esq.
Norton Rose Fulbright US LLP
666 5th Avenue
New York, NY 10103
(212) 318-4000